FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN 10 PM 4: 46

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL ANDREW DORSEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2175** |
| **BOBBIE JOE MILEY, ET AL.** | **SECTION "N" (1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Michael Andrew Dorsey, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 asserting numerous and varied claims. He named as defendants Bobbie Joe Miley, John Tullos, Carla Denis, David Kellis, Paul Martin, Lisa Ard, James Leftwich, Lester Mitchell, Elizabeth Oliveira, and Nina Dillion. On July 5, 2005, all of plaintiff's claims were dismissed except for an excessive force claim against David Kellis and a "failure to intervene" claim against Elizabeth Oliveira.[1]

Pursuant to Fed.R.Civ.P. 56, Kellis and Oliveira have filed now filed a motion for summary judgment arguing that the claims against them should be dismissed because plaintiff failed to exhaust his administrative remedies.[2] Plaintiff has not responded to that motion.

---

[1]   Rec. Doc. 18.

[2]   Rec. Doc. 20.



The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The

party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

As noted, Kellis and Oliveira contend in their motion that plaintiff's claims against them must be dismissed because he failed to exhaust his administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the

3

nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in <u>Booth</u>."  <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  <u>See</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir. 1998).  Plaintiff filed this lawsuit *in forma pauperis*.[3]

In this lawsuit, plaintiff claims that, on July 28, 2003, while he was being escorted from a dental appointment at the Washington Correctional Institute, he was slammed to the ground by David Kellis, who then put his knees in plaintiff's back and punched him.  Plaintiff states that his social worker, Elizabeth Oliveira, witnessed the incident but did not do anything.

Washington Correctional Institute, a state prison operated by the Louisiana Department of Public Safety and Corrections, has in place an Administrative Remedy Procedure.  28 La. Reg. 857 (Apr. 20, 2002) (codified at La. Admin. Code tit. 22, pt. I, § 325).  However, defendants contend that plaintiff never submitted an administrative grievance regarding that incident complaining about the actions or inactions of either Kellis or Oliveira.  In support of their contention, defendants have submitted a sworn affidavit of Kimberly Lemaire, a paralegal with the Louisiana Department of Public Safety and Corrections.  In that affidavit, Lemaire states that she has reviewed plaintiff's

---

[3]     Rec. Doc. 2.

4

record and found no administrative grievance filed by plaintiff concerning the incident.[4] Defendants

have also submitted a sworn affidavit of Jerry Miller, who states:

> I have been designated Administrative Remedy Procedure Coordinator for Washington Correctional Institute, and as such, I have access to and control over the records of the facility relating to inmate requests for administrative remedy.
> Inmate Michael Dorsey, #129046, has not initiated an ARP concerning the use of excessive force in the Infirmary hall by David Kellis and failure to intervene by Elizabeth Olivera [sic] as stated in United States Eastern District Case # 042175. Therefore, he has failed to complete the ARP procedure.[5]

From the evidence submitted in conjunction with the motion for summary judgment, it is

apparent that, prior to filing this lawsuit, plaintiff submitted no administrative grievance asserting

the excessive force claim against Kellis or the "failure to intervene" claim against Oliveira.

Moreover, plaintiff has not opposed defendants' motion in any manner, much less submitted any

probative rebuttal evidence whatsoever regarding the exhaustion issue. Accordingly, the Court finds

that Kellis and Oliveira are entitled to summary judgment pursuant to 42 U.S.C. § 1997e(a).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion for summary judgment filed by David

Kellis and Elizabeth Oliveira be **GRANTED**.  **IT IS FURTHER RECOMMENDED** that

plaintiff's excessive force claim against David Kellis and plaintiff's "failure to intervene" claim

against Elizabeth Oliveira be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust

administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of

proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

[4]  Rec. Doc. 20, Exhibit 2.

[5]  Rec. Doc. 20, Exhibit 3.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____ 9th _____ day of January, 2006.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE